IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOE HICKS, JR.                                                                    PLAINTIFF

vs.                                    Civil No. 6:16-cv-06023

CAROLYN W. COLVIN                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Pending now before this Court is Defendant's Motion to Dismiss.  ECF No. 9.[1]  Plaintiff has

not responded to this motion.  The parties have consented to the jurisdiction of a magistrate judge

to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of

a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this

authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this

matter.

## 1. Background:

Defendant filed a Motion to Dismiss alleging Plaintiff failed to exhaust all administrative

remedies before filing the complaint in this Court.  ECF No. 9.  According to Defendant, Plaintiff

filed a claim for disability insurance benefits and supplemental security income on August 26, 2014.

ECF No. 9-1.  After Plaintiff's applications were denied initially and upon reconsideration, Plaintiff

filed a request for a hearing with an Administrative Law Judge ("ALJ").  *Id.*  The ALJ held an

administrative hearing on November 12, 2015, and issued an unfavorable decision on February 3,

2016, which notified Plaintiff of his right to submit a request for review to the Appeals Council

within 60 days.  *Id.*  There is no evidence Plaintiff submitted a request for review to the Appeals

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Council.  *Id.*

On March 7, 2016, Plaintiff filed a civil action in the United States District Court for the Western District of Arkansas.  ECF No. 1.  Defendant argues Plaintiff has not received a final administrative decision from the Commissioner, and as such, Plaintiff failed to exhaust his administrative remedies.  ECF No. 9.  Plaintiff filed no response to Defendant's Motion to Dismiss.

## 2. Discussion:

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a complaint for lack of subject matter jurisdiction.  Subject matter jurisdiction is a threshold matter that pertains to the court's authority over the category of the claim in the suit.  *See Ruhrgas AG v. Marathan Oil Co.*, 526 U.S. 574, 577, 583 (1999).  The Social Security Act (Act) confers jurisdiction on United States district courts to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g).  A claimant's failure to exhaust all administrative remedies with SSA before filing an appeal in district court deprives the court of subject matter jurisdiction.  *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000).

The Social Security regulations set forth the process of administrative review and explain a claimant's right to judicial review after he or she has taken all of the necessary administrative steps.  *See* 20 C.F.R. § 416.1400(a).  The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review.  *See* 20 C.F.R. § 416.1400(a).  When a claimant has completed the steps of the administrative review process, SSA will have made its final decision subject to judicial review in district court.  *See* 20 C.F.R. § 416.1400(a)(5).

Here, Plaintiff failed to request Appeals Council review of the ALJ's decision.  As a result, he did not complete the administrative review process, Defendant had not issued a final decision subject to judicial review, and this Court lacks subject matter jurisdiction.  *See* 20 C.F.R. §§ 416.1400(a), (b), 416.1481.

Based on this, the Court finds Plaintiff's complaint should be dismissed without prejudice.

**3. Conclusion:**

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

   **ENTERED** this **14th day of June 2016.**


                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE